UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>v. )<br>)<br>JAMES DAVIS )<br>) | Criminal No. 21-cr-595-TJK |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING
INDICTMENT**

James Davis, by and through undersigned counsel, hereby replies to the Government's Response to Defendant's Motion to Dismiss Count One of the Superseding Indictment [hereinafter the "Government's Response"] [E.C.F. 20]. In its opposition, the government fails to explain how "any act to obstruct, impede, or interfere" is distinguishable from pure speech, expressive conduct, minimal jostling, and violent assaults. Similarly, the government fails to provide a limiting principle to what constitutes a "civil disorder" and whether a defendant is required to have participated in it or whether mere presence in the general vicinity suffices. Consequently, the statute could apply to virtually any tumultuous public gathering to which police might be called, not just large-scale protests or riots and would be applicable even in the absence of proof of intent to join in the violence or merely to exercise lawful speech during a protest that turns destructive.

The government further argues that the statute is not vague because it criminalizes an "act" not "mere presence at a civil disorder." Gov. Resp. at 13. However, the government has failed to specify in the Superseding Indictment and in its Response what "act" Mr. Davis committed that was criminal. In addition, the government argues that Section 231(a)(3) "criminalizes only

1

particular conduct." *Id.* at 14. This simply not true under the broader interpretation courts in this District have applied to the statute in declining to follow the Eighth Circuit's holding in *Mechanic* that Section 231(a)(3) "applies only to *violent* physical acts." 454 F.2d 849, 852 (8th Cir. 1971) (emphasis added). There is no limiting principle to what type of act constitutes interference and the government refuses to identify what "act" constituted interference.

The First Amendment protects expressive conduct including assembly in inconvenient places. *Virginia v. Black*, 538 U.S. (2003). Conduct is considered expressive, and therefore protected, under the First Amendment when it "is intended to convey a 'particularized message' and the likelihood is great that the message would be so understood." *Knox v. Brnovich*, 907 F.3d 1167, 1181 (9th Cir. 2018) (*quoting Nunez v. Davis*, 169 F.3d 1222, 1226 (9th Cir. 1999)). Mr. Davis went to Washington D.C. to express his solidarity with others to protest. Mr. Davis believed that the election was flawed and delivered that message in the best place for his protests to be heard in accordance with his First Amendment rights, the capital of the United States. The government has failed to identify how Mr. Davis committed any objectively obstructive act.

The government correctly notes that to prevail on an as-applied First Amendment challenge, the person challenging the statute must show that the regulations are unconstitutional as applied to their particular speech activity. *See Members of City Council of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 802-03 (1984); *accord, Edwards v. D.C.*, 755 F.3d 996, 1001 (D.C. Cir. 2014). Mr. Davis argues that the statute is being applied to him unconstitutionally. On page 15 of the Government's Response, it sets out a series of "acts" that (1) describe Mr. Davis's presence on the "West Front of the Capitol grounds;" (2) the timing of his presence; (3) where he protested; (4) that he made "physical contact" with officers; (5) that he possessed a stick; and (6) that he shouted. The government fails to articulate, however, which of this "conduct" "objectively" constituted "interference" or "obstruction."

In addition, the government further cites additional expressive facts to incriminate Mr. Davis. Page 2, ¶ 2, the government menacingly describes his outfit "black and red U.S. Marine Corps baseball cap, sunglasses, a black sweatshirt with a skull and cross bones on the left chest, a black and green Gator around his neck, black gloves, and a CamelBak-style backpack." In addition, the government cites evidence he gave an interview uploaded to Facebook (speech). The government further cites statements Mr. Davis made to officers regarding his military service (speech). Finally, the government concedes that Mr. Davis states to the officers "I'm injured" and falls to the ground passing out due to a medical condition clinging to the officers on his way to the ground. Finally, the government cites to blusterous statements (more speech) Mr. Davis allegedly made to a telegram chat group. Every single fact cited, including the clothes he wore, the statements he made, the words he shouted, all constitute forms of expressive speech.

Accordingly, the government argues that the statute focuses "mainly on conduct." Gov. Resp. at 16. Yet, in two indictments, twenty-two pages of its response, it fails to identify what conduct Mr. Davis engaged in that was not expressive. If there is "objective" conduct not "dependent on the subjective reaction of others" then it makes little sense why the government refuses to identify it. Instead, the government is using the statute in an unconstitutional manner by tactically using ambiguity to overcharge Mr. Davis. Again, the government points to his clothes, his statements to police, his yelling, his social media interview, and post-incident statements to a telegram chat. Noticeably absent are accusations of assault, violence, threats, and obstruction. Instead, the government uses subjective words like confrontation, intimidation, and shouting.

Finally, the government fails to connect any nexus between these "acts"—wearing scary clothes, carrying a stick, giving a social media interview, yelling at officers about his military service, and blustering on a group chat—and an intent to obstruct, interfere or impede with interstate commerce and the performance of a federal protected function. The Court should, therefore, dismiss Count One of the indictment.

3

**CONCLUSION**

The Superseding Indictment fails to plead with sufficient specificity the allegations against Mr. Davis and leaves the defense guessing as to the *actus rea* of the offense. The Court should reexamine the constitutional arguments that challenge 18 U.S.C. § 231(a)(3) as applied to Mr. Davis's case. Finally, the Court should consider the government has not sufficiently plead that Mr. Davis is being prosecuted here for "acts" rather than constitutionally protected political speech. For the foregoing reasons and any others that this Court deems appropriate, the defense maintains that Count 1 should be dismissed.

Respectfully submitted,

SCROFANO LAW PC

BY: _____
Joseph A. Scrofano
Bar no.: 994083
600 F Street NW
Suite 300
Washington, DC 20001
Ph: 202-870-0889
jas@scrofanolaw.com

_____/s/_____
Morgan E. Leigh
Bar no.: 10111440
600 F Street NW
Suite 300
Washington, DC 20001
Ph: 301-916-4226
mel@scrofanolaw.com